UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-24332-CIV-MORENO

RODNEY PETE,

    Plaintiff,

vs.

FLORIDA DEPARTMENT OF FINANCE SERVICES, CITY OF MIAMI, JOHN DE LEON, ANDRE A. ROVIERE, and ALAN GREENSTEIN,

    Defendants.
_____/

## ORDER DISMISSING CASE

THIS CAUSE came before the Court upon the plaintiff's Complaint (**D.E. 1**), filed **December 7, 2012**. Plaintiff Rodney Pete ("Plaintiff") has filed a two-count, handwritten complaint asking for three million dollars in damages from defendants "Florida Department of Finance Services," "City of Miami," and private attorneys John De Leon, Andre Rouviere and Alan Greenstein (collectively, "Defendants"). As best the Court can discern from the rambling complaint, Plaintiff is complaining about the conduct of private lawyers during their representation of Plaintiff in a state court suit. Count I is labeled "Negligence" and Count II is labeled "Violation of Civil Rights Pursuant to Title 28 U.S.C. 1983, 42 U.S.C. 1983, 28 U.S.C. 1331." D.E. No. 1 at 9.

    Plaintiff claims that the private lawyers breached their duty of care by not filing a motion for summary judgment. A district court lacks jurisdiction over an action against an attorney where no diversity of citizenship exists. *McCracken v. Murphy*, 129 Fed. Appx. 701 (3d Cir. 2005) (client unable to establish diversity of citizenship); *Conley v. Rust*, 15 Fed. Appx. 209 (6th Cir. 2001); *Tylon v. Kloak*, 98 Fed. Appx. 511 (7th Cir. 2004). Accordingly, this Court has no jurisdiction over any possible legal malpractice claim alleged by a Florida resident against members of the private bar of Florida. Further,

although Plaintiff contends otherwise, these private lawyers are not acting under "color of law" nor are they government agents.

As for the claims against the "City of Miami," the Supreme Court has placed strict limitations on municipal liability under § 1983. *See Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978). Municipalities are usually not liable for the acts of their agents; however, a municipality may incur liability for the actions of a police officer when it promulgates an "official policy" that causes a constitutional violation. *Monnell*, 436 U.S. at 691-94. To be successful on a claim against a municipality under § 1983, "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Here, Plaintiff has failed to allege any of the above-listed elements. It is therefore

**ADJUDGED** that the case is DISMISSED with prejudice. It is further

**ADJUDGED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (D.E. No. 3) is denied as moot with leave to re-file if necessary.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of December, 2012.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

Rodney Pete
52 NW 47th Terrace
Miami, FL 33127